**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNY STEWARD, | No. 20-15680 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00551-AWI-BAM |
| v. | |
| NGOZI ONYINYA IGBINOSA, Primary Care Physician; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

California state prisoner Donny Steward appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and other federal and state law violations.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court dismissed Steward's Eighth Amendment claims because Steward failed to allege facts sufficient to state a plausible claim. However, Steward alleged that on September 16, 2014, he was denied medical treatment by several defendants despite lying on the ground in extreme pain. After another prison official facilitated getting Steward into the medical center, Steward was made to wait three hours and eventually injected with an unidentified substance which did not alleviate his pain. Steward also alleged that on October 25, 2014, Dr. Ngozi Onyinya Igbinosa deliberately caused him injury by holding him immobile and scraping her fingernail down his forearm and hand which caused extreme pain due to Steward's medical conditions. In addition, Steward alleged that nurses (including defendants Faria and Nelson) denied him access to treatment for his diabetes-related conditions for nine months despite Steward's repeated efforts to obtain medical assistance, and that as a result he suffered harm including extreme pain, swelling, loss of muscle mass, and feeling. Steward provided some specific dates he was turned away (e.g., September 14, 15, 16, 21, and 22 of 2014) and alleged that he made seven other attempts to be seen. Finally, Steward alleged that defendants J. Lewis, Director of Policy and Risk Management Services, and Brightwell, Captain on the Second Watch Yard, were aware that he was being

denied access to medical care but did nothing to assist him. These allegations, liberally construed, are "sufficient to warrant ordering [defendants] to file an answer." *Id.* at 1116.

In his opening brief, Steward fails to address the grounds for dismissal regarding his claims under the First and Fourteenth Amendments and state law and has therefore waived his challenge to this portion of the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

In sum, we affirm the judgment as to Steward's claims under the First and Fourteenth Amendments and state law, reverse the judgment as to Steward's Eighth Amendment claims, and remand to the district court to proceed with service of process for Steward's Eighth Amendment claims only.

We reject as without merit Steward's contention that his First Amendment and due process rights were violated by the district court's dismissal of his action.

**AFFIRMED in part, REVERSED in part, and REMANDED.**